1    JENNIFER LEE TAYLOR (CA SBN 161368)
     JTaylor@mofo.com
2    AMANDA D. PHILLIPS (CA SBN 305614)
     APhillips@mofo.com
3    MORRISON & FOERSTER LLP
     425 Market Street
4    San Francisco, California  94105-2482
     Telephone: 415.268.7000
5    Facsimile: 415.268.7522

6    *Attorneys for Plaintiff*
     EQUINOX HOTEL MANAGEMENT INC.
7

8                    UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                         OAKLAND DIVISION

11

12   EQUINOX HOTEL MANAGEMENT INC.,          Case No.    4:17-CV-06393-YGR

13                  Plaintiff,               **PLAINTIFF EQUINOX HOTEL
                                             MANAGEMENT INC.'S
14        v.                                 OPPOSITION TO MOTION TO
                                             DISMISS UNDER RULE 12(b)(6)**
15   EQUINOX HOLDINGS INC.,
                                             Hearing Date: January 30, 2018
16                  Defendant.               Time: 2:00 p.m.
                                             Dept. Courtroom 1, Fourth Floor
17                                           Judge: Hon. Yvonne Gonzalez Rogers

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page**

INTRODUCTION .................................................................................................................... 1

LEGAL STANDARD ............................................................................................................. 1

I.   EQUINOX HOTELS SUFFICIENTLY PLED FALSE ADVERTISING ......................... 2

    A.   Trademark Use that Deceives the Public Constitutes False Advertising ................ 2

    B.   Equinox Hotels Pled Trademark Uses that Deceive the Public ............................. 3

    C.   Each of Defendant's Cases Is Inapposite ................................................................ 5

II.  EQUINOX HOTELS HAS STANDING TO BRING ITS FALSE ADVERTISING
    AND FRAUDULENT BUSINESS PRACTICE CLAIMS .................................................. 7

    A.   At Best, Defendant Can Claim that the Law on Reliance Is Unsettled in
    Competitor Cases .................................................................................................... 7

    B.   There Is Only One Logical Interpretation of Proposition 64's Requirements
    in Competitor Cases .............................................................................................. 10

CONCLUSION ..................................................................................................................... 13

i

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*578539 B.C., Ltd. v. Kortz*,
    No. CV-14-04375-MMM-(MANx), 2015 WL 12670488
5
    (C.D. Cal. Apr. 10, 2015)............................................................................................6

6

*A White & Yellow Cab, Inc. v. Uber Techs., Inc.*,
7    No. 15-CV-05163-JSW, 2017 WL 1208384 (N.D. Cal. Mar. 31, 2017)...................................8

8
*AccuImage Diagnostics Corp. v. Terarecon, Inc.*,
    260 F. Supp. 2d 941 (N.D. Cal. 2003) ........................................................................5
9

*al-Kidd v. Ashcroft*,
10    580 F.3d 949 (9th Cir. 2009)................................................................................1, 2, 6

11

*Allergan v. Athena Cosmetics, Inc.*,
12    640 F.3d 1377 (Fed. Cir. 2011)...............................................................................11

13
*Bruton v. Gerber Prods. Co.*,
    703 F. App'x 468 (9th Cir. 2017) ..............................................................................4
14

*Conifer Sec., LLC v. Conifer Capital LLC*,
15    No. C02-05611 WHA, 2003 WL 1873270 (N.D. Cal. Apr. 2, 2003)........................................3

16
*E Clampus Vitus v. Steiner*,
17    No. 2:12-CV-01381-TLN-CKD, 2013 WL 4431992 (E.D. Cal. Aug. 16, 2013).......................4

18
*Faberge, Inc. v. Saxony Prods., Inc.*,
    605 F.2d 426 (9th Cir. 1979)..................................................................................2, 4
19

*Ford Dealers Ass'n v. Dept. of Motor Vehicles*,
20    32 Cal. 3d 347 (1982) ..........................................................................................4

21
*JS Led Tech. Corp. v. Zhang*,
22    No. CV 14-02250-RGK (PJWx), 2014 WL 12561075 (C.D. Cal. Aug. 7, 2014) .....................2

23
*Kane v. Chobani, Inc.*,
    No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013)...........................7, 9
24

*Kwikset Corp. v. Superior Court*,
25    51 Cal. 4th 310 (2011) ........................................................................................7

26
*L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*,
27    114 F. Supp. 3d 852 (N.D. Cal. 2015) .........................................................................8

28

*Laster v. T-Mobile USA, Inc.*,
    407 F. Supp. 2d 1181 (S.D. Cal. 2005) ...................................................................................8, 11

*Law Offices of Mathew Higbee v. Expungement Assistance Servs.*,
    214 Cal. App. 4th 544 (2013) ...............................................................................................10

*Luxul Tech. Inc. v. Nectarlux, LLC*,
    78 F. Supp. 3d 1156 (N.D. Cal. 2015) .................................................................................9, 10

*Nat'l Grange of the Order of Patrons of Husbandry v. Cal. State Grange*,
    No. 2:16-201 WBS DB, 2016 WL 6696061 (E.D. Cal. Nov. 15, 2016) ...................................3

*O'Connor v. Uber Techs., Inc.*,
    58 F. Supp. 3d 989 (N.D. Cal. 2014) ......................................................................................8

*Oestreicher v. Alienware Corp.*,
    544 F. Supp. 2d 964 (N.D. Cal. 2008) ....................................................................................5

*Openwave Messaging, Inc. v. Open-Xchange, Inc.*,
    No. 16-CV-00253-WHO, 2016 WL 6393503 (N.D. Cal. Oct. 28, 2016)..................................9

*Spy Optic, Inc. v. Alibaba.Com, Inc.*,
    163 F. Supp. 3d 755 (C.D. Cal. 2015) .....................................................................................2

*St. Ives Labs. Inc. v. Nature's Own Labs.*,
    529 F. Supp. 347 (C.D. Cal. 1981).........................................................................................3

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) .........................................................................................................7, 8

*Two Jinn, Inc. v. Gov't Payment Serv.*,
    233 Cal. App. 4th 1321 (2015) ................................................................................................5

*Underground Sols., Inc. v. Palermo*,
    No. 13 C 8407, 2015 WL 1594189 (N.D. Ill. Apr. 7, 2015)...............................................11, 12

*United States Legal Support, Inc. v. Hofioni*,
    2013 WL 6844756 (E.D. Cal. Dec. 20, 2013) .........................................................................9

*Walker & Zanger, Inc. v. Paragon Indus., Inc.*,
    549 F. Supp. 2d 1168 (N.D. Cal. 2007) ...................................................................................6

*Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*,
    758 F.3d 1069 (9th Cir. 2014).................................................................................................5

*Yordy v. Astrue*,
    No. 1:09-cv-03028-NJV, 2010 WL 653099 (N.D. Cal. Feb. 22, 2010) ...................................1

*Youngevity Int'l, Corp. v. Smith*,
    224 F. Supp. 3d 1022 (S.D. Cal. 2016) ...................................................................................8

*ZL Techs., Inc. v. Gartner, Inc.*,
  2009 WL 3706821 (N.D. Cal. Nov. 4, 2009)............................................................................8, 9

**Statutes**

Cal. Bus. & Prof. Code § 17200 ........................................................................................11

Cal. Bus. & Prof. Code § 17204 ........................................................................................12

Cal. Bus. & Prof. Code § 17500 ..........................................................................................2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Defendant's motion is a transparent attempt to foist upon Equinox Hotels burdens far beyond those prescribed by *Iqbal* and *Twombly* or the relevant statutes.  As support, it makes up pleading requirements and relies on inapposite cases.  Because Plaintiff Equinox Hotels meets the *Iqbal/Twombly* standard, the Court should deny Defendant's motion in its entirety.  First, Equinox Hotels has adequately stated a false advertising claim, by alleging that Defendant is promoting its planned hotels using a trademark that deceives the public.  To persuade the Court otherwise, Defendant improperly ignores most of the allegations in the Complaint while focusing entirely on a select few, cites irrelevant cases, and ignores binding Ninth Circuit precedent.

Second, Defendant summarily announces that Equinox Hotels is *required* to allege that it relied on Defendant's false statements to be able to bring false advertising or fraudulent business practices claims, but it relies primarily on irrelevant non-competitor cases to support its position.  Moreover, it fails to mention that there is, at best, a split in authority among California district courts on the very issue presented here—whether a *competitor* is required to allege that it relied on a false advertisement to be able to establish standing for a fraudulent business practice or unfair competition claim.  As noted by several recent cases, Defendant's position is untenable as it would completely rule out the possibility of a competitor ever filing a false advertising or unfair competition case—contrary to the clear language of the statute.

**LEGAL STANDARD**

"Dismissal under Rule 12(b)(6) is appropriate when the complaint, if true as alleged, does not entitle a plaintiff to some form of legal remedy."  *Yordy v. Astrue*, No. 1:09-cv-03028-NJV, 2010 WL 653099, at *2 (N.D. Cal. Feb. 22, 2010).  "In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff."  *Id.*  "Rule 12(b)(6) motions are viewed with disfavor and are properly granted only under extraordinary circumstances."  *Id.*  "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden."  *al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), *rev'd and remanded*, 563 U.S. 731 (2011).  "'Asking for plausible grounds to infer' the existence of a claim for relief 'does not impose a

1    probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable

2    expectation that discovery will reveal evidence' to prove that claim."  *Id.* (quoting *Bell Atl. Corp.*

3    *v. Twombly*, 550 U.S. 544, 556 (2007)).

4    **I.      EQUINOX HOTELS SUFFICIENTLY PLED FALSE ADVERTISING**

5            Whether through guile or error, Defendant fundamentally ignores the breadth of

6    California's false advertising law, as well as the hefty amount of case law contrary to its premise,

7    in claiming that Equinox Hotels' false advertising claim should be dismissed for failure to

8    identify "any untrue or misleading statement."  (Defendant Equinox Holdings, Inc.'s Notice of

9    Motion and Motion to Dismiss ("Mot.") at 4-5.)

10           **A.      Trademark Use that Deceives the Public Constitutes False Advertising**

11           California's false advertising law (FAL) makes it unlawful to disseminate any statement

12   "which is untrue or misleading, and which is known, or which by the exercise of reasonable care

13   should be known, to be untrue or misleading."  Cal. Bus. & Prof. Code § 17500.  In accordance

14   with this broad language, it is *black letter law* that use of a confusingly similar trademark

15   constitutes false advertising under California law, as the Ninth Circuit has held: "In order to

16   obtain relief under 15 U.S.C. § 1114 or the relevant California statutes, Cal. Bus. & Prof. Code

17   § 17500 and Cal. Civ. Code § 3369, a plaintiff must show that the defendant used a trademark or

18   trade dress likely to cause confusion between the parties' products."  *Faberge, Inc. v. Saxony*

19   *Prods., Inc.*, 605 F.2d 426, 428 (9th Cir. 1979).

20           California district court case law is replete with examples of courts finding that use of a

21   confusingly similar trademark constitutes an "untrue or misleading" statement for the purposes of

22   Section 17500.  For example, in *JS Led Tech. Corp. v. Zhang*, the court found that the plaintiff's

23   allegations that the defendant used plaintiff's trademark in its website address supported a false

24   advertising claim because it was "likely to mislead and deceive the public into believing that" the

25   defendants' products were associated with or authorized by the plaintiff.  No. CV 14-02250-RGK

26   (PJWx), 2014 WL 12561075, at *7 (C.D. Cal. Aug. 7, 2014) (denying motion to dismiss); *see*

27   *also Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 761 (C.D. Cal. 2015) (use of

28   plaintiff's trademarks in webpage metadata to create an association with plaintiff constitutes false

1    advertising).  Notably, these cases did not concern use of a confusingly similar *trademark*; rather,

2    they concerned use of the plaintiff's trademark in a defendant's website *address* (i.e., domain

3    name), in one case, and in a defendant's website *metadata*, in the other.  If use of another party's

4    trademark in a domain name or in metadata—that the public will normally never see—constitutes

5    false advertising, then certainly Defendant's use of Equinox Hotels' EQUINOX trademark in

6    connection with Defendant's competing hotel business, including on its website, constitutes false

7    advertising under California law.

8           In *Conifer Securities, LLC v. Conifer Capital LLC*, No. C02-05611 WHA, 2003 WL

9    1873270, at *2 (N.D. Cal. Apr. 2, 2003), Judge Alsup in fact granted default judgment on a FAL

10   claim even though the *only* claim was that the defendant used "[a confusingly similar trademark]

11   in commerce in connection with goods and/or services in a manner likely to cause confusion as to

12   the relationship between [the plaintiff and the defendant] and the origin, sponsorship, and

13   approval of [the defendant's] goods and services.  This activity constitutes false advertising with

14   [sic] the meaning of Section 17500."  Similarly, in *St. Ives Laboratories Inc. v. Nature's Own

15   Laboratories*, 529 F. Supp. 347, 350 (C.D. Cal. 1981), the court found that the defendant's sale of

16   shampoo and conditioner under trade dress that copied the plaintiff's distinctive trade dress

17   constituted a violation of Section 17500—even though trade dress is not a "statement" in the

18   sense that Defendant claims is required.  (Mot. at 5.)  *See also Nat'l Grange of the Order of*

19   *Patrons of Husbandry v. Cal. State Grange*, No. 2:16-201 WBS DB, 2016 WL 6696061, at *5

20   (E.D. Cal. Nov. 15, 2016) (copying plaintiff's trademarks among the representations that

21   constitute false statements for FAL claim).

22          **B.      Equinox Hotels Pled Trademark Uses that Deceive the Public**

23          Equinox Hotels amply pleaded that Defendant is promoting its forthcoming hotel services

24   under the EQUINOX mark via a press release (Complaint for Trademark Infringement, False

25   Designation of Origin, False Advertising, and Unfair Competition ("Compl.") ¶ 36), news articles

26   (*id.* ¶ 50), on its website (*id.* ¶ 52), and through attendance and speaking engagements at

27   hospitality conferences (*id.* ¶¶ 49-50).  Yet in its motion, Defendant claims that "[t]he only

28   alleged public statements by Defendant cited in the Complaint are from a press release and its

1   website." (Mot. at 5.)  Curiously, Defendant ignores the interviews that it grants to third-party

2   publications and its attendance and speaking engagements at industry conferences even though

3   courts have held that oral statements can support a false advertising claim.  *See, e.g., Ford*

4   *Dealers Ass'n v. Dept. of Motor Vehicles*, 32 Cal. 3d 347, 358 (1982) ("Section 17500 repeatedly

5   has been interpreted so as to include within its reach oral statements made to individual members

6   of the public.").  Indeed, Defendant's use of the EQUINOX mark to promote its services at

7   conferences is precisely the type of activity that the court in *E Clampus Vitus v. Steiner* found

8   sufficient to support a false advertising claim.  No. 2:12-CV-01381-TLN-CKD, 2013 WL

9   4431992, at *13 (E.D. Cal. Aug. 16, 2013) (defendants used plaintiff's mark at a Christmas fair in

10  order to sell goods).

11          Surely, Defendant does not dispute the plausibility of Equinox Hotels' allegations that it is

12  promoting hotels under the EQUINOX mark, as it confirms those facts in its Opposition to

13  Equinox Hotels' Motion for Preliminary Injunction:

14          In addition to wide-spread press coverage, Defendant has marketed its planned
            hotels.  In January 2017, Equinox launched a web page for its EQUINOX-
15          branded hotels, accessible through its main home page.  Equinox also ran ads for
            its hotels in consumer-oriented magazines with a combined circulation of over 3.3
16          million print copies.  Further, executives working for Defendant's hotel business
            have spoken about Defendant's plans at leading hotel conferences and events in
17          2016 and 2017, thus making its plans clear to anyone in the industry.

18

19  (Opposition to Preliminary Injunction at 5.) (internal citations omitted).)

20          Finally, Defendant's claim that the statements made on its website to promote its

21  hotels are not untrue (Mot. at 5) completely misses the point.  It is Defendant's *use* of the

22  EQUINOX mark on its website to promote its hotels that misleads the public, because

23  that use implies an affiliation between Equinox Hotels and Defendant when no such

24  affiliation exists.  *Faberge*, 605 F.2d at 428.  Indeed, it is well established that statements

25  which are "literally true" *may* constitute false advertising because they may still be

26

27  misleading.  *See Bruton v. Gerber Prods. Co.*, 703 F. App'x 468, 471 (9th Cir. 2017).

28

1

## C.      Each of Defendant's Cases Is Inapposite

2

First, Defendant cites to cases that have *no* relevance to the issues presented here.

3

(Mot. at 5.)  *See Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 973 (N.D. Cal.

4

2008), *aff'd*, 322 F. App'x 489 (9th Cir. 2009) (purported false statements were non-

5

actionable puffery, not trademarks); *AccuImage Diagnostics Corp. v. Terarecon, Inc.*,

6

7

260 F. Supp. 2d 941, 948 (N.D. Cal. 2003) (false statements pertained to a competitor's

8

FDA approval, not to trademarks).  Because they are entirely irrelevant, each of these

9

cases should be disregarded.

10

Second, *Two Jinn* does *not* support Defendant's argument.  As an initial matter,

11

the court was considering the sufficiency of a *Lanham Act* Section 43(a) false advertising

12

claim, not a *California* false advertising claim.  More fundamentally, the appellate court's

13

14

concern was *not* that the plaintiff was relying on an infringement of one of its trademarks

15

to support its false advertising claim; its concern was that the plaintiff was pointing to the

16

use of isolated common words, like gov and government, to support its false advertising

17

claim.  The court concluded that using gov and government was not a "statement," so it

18

could not be a false or misleading statement.  *Two Jinn, Inc. v. Gov't Payment Serv.*, 233

19

Cal. App. 4th 1321, 1344-45 (2015).  Thus, it sustained the demurrer without leave to

20

21

amend.  *Id.* at 1345 ("we cannot conceive of facts it could allege in order to establish that

22

it suffered this type of commercial injury").

23

Third, Defendant cites to *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758

24

F.3d 1069, 1071 (9th Cir. 2014), *as amended* (Mar. 11, 2014), for the proposition that

25

false advertising and trademark infringement are distinct claims with distinct tests.  (Mot.

26

at 5-6.)  This basic proposition is not in dispute.  In fact, it is why Equinox Hotels alleged

27

separate California false advertising and federal trademark infringement claims.

28

1   (Compl.)  But that proposition does not lead to the conclusion that Defendant asserts—

2   that the same set of facts cannot support both a false advertising and a trademark

3   infringement claim.  Instead, the Ninth Circuit merely held that the district court should

4   have considered the false advertising claim separately on plaintiff's motion for

5   preliminary injunction, and not merely deny the motion on that claim due to the

6

7   plaintiff's failure to show a likelihood of success on its separate trademark infringement

8   claim.

9          Finally, Defendant cites *Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F.

10  Supp. 2d 1168 (N.D. Cal. 2007), where, on *summary judgment*, Judge Walker found that

11  the absence of evidence regarding consumer perception was fatal to a false advertising

12  claim where the statement at issue was alleged to be misleading, not alleged to be false

13

14  on its face: "[i]f an advertisement is not false on its face, as here, plaintiff *must* produce

15  *evidence*, usually in the form of market research or consumer surveys, showing exactly

16  what message ordinary consumers perceived."  *Id.* at 1182 (emphasis added).  The fact

17  that *Walker & Zanger* concerned a summary judgment motion is a crucial distinction for

18  two reasons.  First, because the case had reached the summary judgment stage the

19  plaintiff clearly had *stated* a claim for false advertising based upon defendant's allegedly

20

21  confusing similar trade dress.  Second, the burden on summary judgment, which requires

22  that a plaintiff *prove* its case, bears no similarity to the burden under *Iqbal/Twombly*:

23  "*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry

24  the plaintiff's burden."  *al-Kidd*, 580 F.3d at 977.[1]

25

26          [1] Defendant cites to a second Section 43(a) false advertising case, *578539 B.C., Ltd. v. Kortz*, No. CV-14-04375-MMM-(MANx), 2015 WL 12670488, at *3, *10 (C.D. Cal. Apr. 10,
27  2015), for the proposition that "allegations that plaintiff's use of MAICO trademark misled consumers to purchase plaintiff's products believing that they are purchasing them from
28  Maicowerk did not support a false advertising claim."  (Mot. at 6.)  Setting aside that it is also an

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**II.     EQUINOX HOTELS HAS STANDING TO BRING ITS FALSE ADVERTISING AND FRAUDULENT BUSINESS PRACTICE CLAIMS**

> **A.     At Best, Defendant Can Claim that the Law on Reliance Is Unsettled in Competitor Cases**

Defendant Equinox Holdings informs the Court that Equinox Hotels is *required* to allege reliance to have standing for its California Section 17500 false advertising claim and its Section 17200 fraudulent business practices claim, citing six district court cases as support.  (Mot. at 7.)  Not true.  Defendant's position is based on several cases that overlooked that a uniform requirement of reliance by a plaintiff would, contrary to the purposes of the UCL and FAL, preclude competitors from seeking relief for harm caused by false advertising.  Defendant also fails to inform the Court of at least three key items: (i) that Defendant cites primarily to non-competitor cases; (ii) that when the issue of *competitor* standing has been considered by federal district judges in California, some courts have required that reliance be alleged, while others have not; and (iii) the most recent Northern District of California decisions on competitor standing.  As explained in detail below, imposing a reliance requirement in competitor cases makes no sense and the Court should decline to do so here.

**Defendant's Non-Competitor Cases** The plaintiffs in *Kane v. Chobani, Inc.*, No. 12-CV-02425-LHK, 2013 WL 5289253 (N.D. Cal. Sept. 19, 2013), were not competitors; they were consumers who alleged that defendant Chobani engaged in false advertising.  Judge Koh granted Chobani's motion to dismiss the case for failure to plead that the plaintiffs relied on the false advertising, citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326 (2011), a consumer case where the California Supreme Court held that reliance must be pled whenever the underlying misconduct in a UCL action is fraud.  *Kane*, 2013 WL 5289253, at *6.  The *Kwikset* court in turn cited to another consumer case, *In re Tobacco II Cases*, where the California Supreme Court held:

---

inapplicable Section 43(a) case, there was a simple reason that the court concluded that the allegations did not support the false advertising claim: it was because the counterclaim plaintiff failed to plead *any* element of a Section 43(a)(1)(B) claim, *not* because the claim concerned a trademark.  Instead, it merely restated the elements of its Section 43(a)(1)(A) claim, which the court had already concluded was deficient because the counterclaim plaintiff did not have standing to assert a trademark that he did not own.

1    "We conclude that a class representative proceeding on a claim of misrepresentation as the basis

2    of his or her UCL action must demonstrate actual reliance on the allegedly deceptive or

3    misleading statements, in accordance with well-settled principles regarding the element of

4    reliance in ordinary fraud actions."  46 Cal. 4th 298, 306 (2009).  Similarly, the plaintiffs in

5    *O'Connor v. Uber Techs., Inc.*, 58 F. Supp. 3d 989, 1002 (N.D. Cal. 2014), were not competitors;

6    they were Uber drivers.  In granting the motion to dismiss, Judge Chen quotes the *Kwikset* case.

7    Likewise, the court granted a motion to dismiss a putative class action because the named

8    plaintiffs had not alleged reliance in *Laster v. T-Mobile USA, Inc.*, 407 F. Supp. 2d 1181 (S.D.

9    Cal. 2005).

10          None of these non-competitor cases is relevant to the issue before this Court.

11          **Split of Authority**  The first case cited by Defendant, *Youngevity Int'l, Corp. v. Smith*,

12    224 F. Supp. 3d 1022 (S.D. Cal. 2016), states:

13          No California courts have explicitly considered whether third party
             reliance is sufficient to sustain a false advertising claim between
14           competitors. …  However, some federal courts have.  Though a few
             have found third party reliance sufficient, most have found that a
15           plaintiff must allege that they personally relied upon the
             misstatement.
16

17    *Id.* at 1031.  The court then elects to follow what it describes as "the majority approach," as first

      identified by Judge Tigar in a case from July 2015,[2] and grants the motion to dismiss.  *Id.*
18
      However, the law continues to develop and the split has deepened since that July 2015 decision
19
      on which the *Youngevity* court relies.  Not surprisingly, it has developed even more significantly
20
      since Judge Fogel's decision in 2009 in *ZL Techs., Inc. v. Gartner, Inc.* where he faulted plaintiff
21
      for contending that "standing under sections 17500 and 17200 requires only a demonstration that
22
      a defendant's misrepresentations caused injury to the plaintiff" without citing "any case law
23
      holding that a plaintiff that itself did not actually rely upon the alleged misrepresentations is
24

25          ─────────────────

26          [2] *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852 (N.D. Cal. 2015).  This is
      the same case that Judge White cited recently in *A White & Yellow Cab, Inc. v. Uber Techs., Inc.*,
      No. 15-CV-05163-JSW, 2017 WL 1208384, at *7–9 (N.D. Cal. Mar. 31, 2017), in which he
27    analyzed several competitor cases and found "the reasoning in *L.A. Taxi* and *O'Connor* [requiring
      reliance] [to be] more persuasive than the reasoning in *VP Racing Fuels* [not requiring reliance].
28

1    entitled to relief under these statutes."  2009 WL 3706821, at *11 (N.D. Cal. Nov. 4, 2009).  Yet,

2    Defendant relies on *ZL Techs*.³  (Mot. at 7.)

3         **<u>Recent Decisions from this District</u>** Judge Orrick recently denied a motion to dismiss

4    FAL and UCL claims in *Openwave Messaging, Inc. v. Open-Xchange, Inc.*, No. 16-CV-00253-

5    WHO, 2016 WL 6393503, at *6–7 (N.D. Cal. Oct. 28, 2016), a competitor case where the

6    plaintiff had alleged "facts showing customers relied on [defendant's] allegedly false

7    representations."  In denying the motion, Judge Orrick first noted that "the parties dispute

8    whether the 'actual reliance' requirement from consumer cases decided under the UCL post-

9    Proposition 64 applies to a competitor case like this one."  *Id.*  He also cited to *Kwikset* for the

10   proposition that "[i]n *consumer* cases, a plaintiff 'must demonstrate actual reliance on the

11   allegedly deceptive or misleading statements.'"  *Id.* at n.7 (emphasis added) (citing *Kwikset* 51

12   Cal. 4th at 326).  He then correctly concluded that allegations that plaintiff's customers relied on

13   the false advertisement were sufficient to plead standing in a competitor case.  *Id.*

14        And, despite her prior dismissal of a false advertising claim against Chobani because the

15   consumer plaintiffs had failed to allege reliance, *Kane*, 2013 WL 5289253, Judge Koh

16   subsequently denied a motion to dismiss FAL and UCL claims in a *competitor* case, holding that

17   "to have standing to bring a claim under the UCL or FAL, a plaintiff must demonstrate that she

18   'suffered injury in fact and [ ] lost money or property as a result of the unfair competition.'"

19   *Luxul Tech. Inc. v. Nectarlux, LLC,* 78 F. Supp. 3d 1156 (N.D. Cal. 2015) (quoting Cal. Bus. &

20   Prof. Code § 17204 and *Kwikset*, 51 Cal. 4th 310, 326).  She then concluded that where

21   "[p]laintiff has alleged an economic injury in the form of lost customers and sales revenue. . . .[it]

22

23        ³ The final case cited by Defendant merits no consideration.  In *United States Legal
     Support, Inc. v. Hofioni*, the court expressly found that it was "satisfied that consumers of legal
24   services could be deceived by false statements about the identities of Defendants' customers," but
     held that "it does not appear that Plaintiff has standing to raise a UCL fraud claim.  California's
25   Proposition 64 added language 'impos[ing] an actual reliance requirement on plaintiffs
     prosecuting a private enforcement action under the UCL's fraud prong.'"  2013 WL 6844756, at
26   *14 (E.D. Cal. Dec. 20, 2013) (emphasis added).  But the sole citation for that language was *In re
     Tobacco II Cases*, a consumer case.  The court's reliance on a consumer case in considering
27   standing in a competitor case should not be considered probative of the issue here, particularly
     when the court in *Hofioni* faulted "the parties' joint failure to properly brief this matter."  *Id.* at
28   *13.

1    is sufficient to satisfy standing under the UCL." *Id.* at 1174.  Judge Koh presumably did not

2    require that plaintiff's reliance be pled in this competitor case because the false advertising claims

3    were based upon the defendant's "false representations *to* actual and potential customers," *not* to

4    the plaintiff.  *Id.* at 1165 (emphasis added).

5        **B.    There Is Only One Logical Interpretation of Proposition 64's Requirements
                in Competitor Cases**

6        The California Supreme Court has not considered whether reliance is required in a

7    competitor case, but at least one California appellate court has, and that court concluded that

8    competitor plaintiffs do *not* need to plead reliance.  *See Law Offices of Mathew Higbee v.*

9    *Expungement Assistance Servs.*, 214 Cal. App. 4th 544, 547 (2013).  The court in *Higbee* held

10   that UCL standing is sufficiently pled where "the plaintiff competitor has suffered injury in fact

11   and lost money or property as a result of the defendant competitor's unfair competition."  *Id.*

12   Significantly, despite the California Supreme Court's prior holding in *Kwikset*, the *Higbee* court

13   did not require the plaintiff to plead "reliance."  *Id.* at 564.  Perhaps recognizing that there had

14   been an unintended consequence from other courts' overly broad application of *Kwikset*, the court

15   described the question presented as

16
17           whether, in endeavoring to protect 'mom and pop' operators from
             the devastation wreaked by gold-digging plaintiffs, the UCL has
             been so narrowed as to preclude one business competitor from
18           maintaining a UCL lawsuit against another with whom he or she
             has had no direct business dealings, where the defendant
19           competitor's unlawful business practices have caused injury and
             monetary or property loss to the plaintiff competitor.
20

21   *Id*. at 547.  The court held that it had not: "we conclude that the lack of direct dealings between

22   two business competitors is not necessarily fatal to UCL standing, provided the plaintiff

23   competitor has suffered injury in fact and lost money or property as a result of the defendant

24   competitor's unfair competition."  *Id.*  Thus, the crucial issue is whether Defendant has caused, or

25   is likely to cause, injury and monetary or property loss to Equinox Hotels, not whether Equinox

26   Hotels "relied" on Defendant's false statements.

27       Defendant will no doubt protest that *Higbee* concerns *unlawful* conduct, not fraudulent

28   conduct or false advertising, but that is a distinction without a difference for purposes of standing.

1   The specific issue addressed by *Kwikset* was the effect on standing of Proposition 64, which

2   added the following language to the UCL statute: "Actions for any relief pursuant to this chapter

3   shall be prosecuted exclusively . . .by any person *who has suffered injury in fact and has lost*

4   *money or property as a result of the unfair competition.*"  *Laster*, 407 F. Supp. 2d at 1193

5   (emphasis added) (citing Cal. Bus. & Prof. Code § 17204).  Significantly, Proposition 64 did not

6   amend Section 17200 itself, which defines "unfair competition" to "mean and include any

7   unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading

8   advertising."  Cal. Bus. & Prof. Code § 17200.

9          Thus, the Proposition 64 standing requirement can be no more onerous for fraudulent

10  business practices or false advertising claims than for claims of unlawful conduct, and, on the

11  face of the statute itself, only requires allegations that the plaintiff "suffered injury in fact" and

12  "lost money or property" due to the "unfair competition."  *See e.g.*, *Allergan v. Athena Cosmetics,*

13  *Inc.*, 640 F.3d 1377, 1382 (Fed. Cir. 2011).  Interpreting *Kwikset*, the Federal Circuit stated:

14              In *Kwikset,* the court held that to satisfy the standing requirements
                of section 17204, a plaintiff must allege exactly what the statutory
15              text requires: "(1) ... a loss or deprivation of money or property
                sufficient to qualify as injury in fact, i.e. *economic injury,* and (2) ...
16              that [the] economic injury was the result of, i.e. *caused by,* the
                unfair business practice...."
17
    *Id.* (emphasis in original) (quoting *Kwikset*, 51 Cal. 4th at 326).
18
           In fact, the Northern District of Illinois has actually delved into the issue of reliance in
19
    competitor cases more thoroughly than any of the cases cited by Defendant, and concluded that
20
    *Kwikset cannot* require reliance in competitor cases because it "would effectively read unfair
21
    competition claims out of the statute," which was not the intent of Proposition 64.  *Underground*
22
    *Sols., Inc. v. Palermo*, No. 13 C 8407, 2015 WL 1594189, at *3 (N.D. Ill. Apr. 7, 2015).
23
                That would be contrary to the legislature's express intent.  *See* Cal.
24              Bus. & Prof. Code § 17200 (defining unfair competition to include
                violations of § 17500); *Kwikset Corp.*, 51 Cal.4th at 320, 246 P.3d
25              at 883 (stating that the purpose of the Unfair Competition Law "is
                to protect both consumers and competitors by promoting fair
26              competition in commercial markets for goods and services"
                (internal quotation marks omitted)); *Law Offices of Mathew*
27              *Higbee*, 214 Cal. App. 4th at 547, 153 Cal. Rptr. 3d 865, 867–68
                (2013) (observing that the Unfair Competition Law "was originally
28              conceived to protect business competitors" and that "the deterrence

1
2
3
4
5
6

> of unfair competition is an important goal"). There is no evidence, furthermore, that Proposition 64 was intended to preclude competitors from bringing false advertising claims. Indeed, Proposition 64's declaration of purpose says, "This state's unfair competition laws set forth in Sections 17200 *and 17500* of the Business and Professions Code are intended to protect California businesses and consumers from unlawful, unfair, and fraudulent business practices." Prop. 64, § 1(a) (Gen. Elec. Nov. 2, 2004) (emphasis added). The Court therefore concludes that [plaintiff] need not plead reliance.

*Id.* (emphasis in original).

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Accordingly, there is no requirement that Equinox Hotels plead that it relied on Defendant's false statements, only that it plead injury and lost money or property. Cal. Bus. Prof. Code § 17204. It has done that in alleging that the hotel-related services that Defendant intends to offer are related and competitive with Equinox Hotels and offered to the same clientele and through the same channels of trade. (Compl. ¶¶ 48-51.) It has also pled that Defendant's use of the EQUINOX trademark in connection with those hotel-related services has and will continue to cause confusion as to the origin of Equinox Hotels' and Defendant's services. (*Id.* ¶¶ 53, 55-56, 81 and 87.) And that such confusion will cause Equinox Hotels to lose potential business opportunities and tarnish Equinox Hotels' reputation if Defendant is unsuccessful as a hotel operator and its reputation in the hotel industry reflects negatively on Equinox Hotels, and that Defendant's continuing use of the EQUINOX trademark for hotel-related services will harm Equinox Hotels' name, reputation, and goodwill. (*Id.* ¶¶ 55-57 ("because there is already a high likelihood of confusion among the public that Equinox Hotels is associated with Defendant, there is a high risk of injury to Equinox Hotels' reputation"), ¶ 81 ("will cause potential harm to Equinox Hotels' success, goodwill, and reputation in the hotel and hotel management services industry"), ¶¶ 82 and 88 ("Equinox Hotels will suffer further harm to its name, reputation, and goodwill"), ¶ 87 (Defendant's acts "are likely to mislead or deceive the public into purchasing or consuming services they would not otherwise purchase or consume, resulting in Defendant obtaining sales and profits that Equinox Hotels should have received"). Defendant does not dispute that Equinox Hotels has adequately alleged injury and lost money or property, because it cannot. As a result of the pleaded harms, Equinox Hotels' very ability to exist as a separate entity is in jeopardy.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Because Plaintiff Equinox Hotels has alleged sufficient facts to state a claim for relief under California Business & Professions Code §§ 17200 and 17500, the Court should deny the motion to dismiss Claim Three and Claim Four, in part.  However, if the Court believes that any part of Plaintiff's Claim Three and Claim Four are deficient, Plaintiff respectfully requests that the court grant leave to amend the complaint.

Dated: January 5, 2018

JENNIFER LEE TAYLOR
AMANDA D. PHILLIPS
MORRISON & FOERSTER LLP

By:   */s/ Jennifer Lee Taylor*
        JENNIFER LEE TAYLOR

Attorneys for Plaintiff
EQUINOX HOTEL MANAGEMENT INC.